## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SAM QUACH,

                Plaintiff,

    v.

PARAGON SYSTEMS INC.,

            Defendant.

CIVIL ACTION FILE NO.

1:15-cv-00750-RWS-RGV

## <u>MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION</u>

Plaintiff Sam Quach ("plaintiff") brings this action against defendant Paragon Systems, Inc. ("defendant"), alleging claims of race and color discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"). <u>See</u> [Doc. 1].[1] In lieu of answering, defendant has filed a motion to dismiss plaintiff's complaint "pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, for failure to meet the minimum pleading standards, and for failure to exhaust administrative pre-requisites to this suit." [Doc. 3 at 2]. For the reasons that follow, it is **RECOMMENDED** that defendant's motion to dismiss plaintiff's complaint, [Doc. 3], be **GRANTED**.

---

[1] The document and page numbers listed in citations to the record refer to the documents and pages listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff, who was formerly employed by defendant as a security guard, brings this action alleging claims of race and color discrimination and retaliation in violation of Title VII and § 1981.  [Doc. at 1 at 6-8].  According to his complaint, plaintiff complained to defendant on January 6, 2014, that he was being subjected to a hostile work environment, and "on or about January 7, 2014, the [d]efendant [] arbitrarily transferred the [p]laintiff to another work location and changed the [p]laintiff's work hours in an adverse manner."  [Id. at 4].  Plaintiff further alleges that, on February 3, 2014, while at his security post, he needed to use the restroom, so he called a rover guard to cover his post.  [Id. at 3].  The rover guard arrived but began speaking with another security guard located near plaintiff's security post, and plaintiff told the rover guard that he had to go and hurriedly proceeded to the restroom.  [Id. at 3-4].  The following day, defendant terminated plaintiff "because he abandoned his post."  [Id. at 3].  Defendant moves to dismiss plaintiff's complaint for failure to exhaust administrative remedies and failure to state a claim.  [Doc. 3 at 2].

---

[2] The factual background is taken from the pleadings and supporting exhibits and does not constitute findings of fact by the Court.

## II.  STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court must accept plaintiff's allegations as true and construe the complaint in his favor.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993); Tapsoba v. Khiani Alpharetta, LLC, Civil Action No. 1:13–CV–1519–RWS, 2013 WL 4855255, at *1 (N.D. Ga. Sept. 11, 2013).  "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'"  Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations and internal marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level," id. (footnote and citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

Id. at 678-79 (last alteration in original) (citations and internal marks omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law."  Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013), adopted at 1336 (citations and internal marks omitted); see also Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam); Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## III.  DISCUSSION

### A.   <u>Preliminary Matters</u>

Defendant has attached to its motion to dismiss a copy of plaintiff's United States Equal Employment Opportunity Commission ("EEOC") charge of discrimination.  [Doc. 3-1].  In his response, plaintiff asserts that defendant has converted its motion to dismiss into a motion for summary judgment by attaching the EEOC charge.  [Doc. 5 at 12].  Plaintiff further contends that this allows him to present additional documents, [<u>id.</u>], so he has attached an affidavit, [Doc. 5-1], to his memorandum in opposition to defendant's motion to dismiss and filed his EEOC intake questionnaire as an exhibit, [Doc. 6].  Defendant responds that the Court may properly consider the EEOC charge in deciding its motion to dismiss, [Doc. 7 at 2], but contends that plaintiff's affidavit and exhibit should be disregarded, [<u>id.</u> at 5].

Generally, when ruling on a motion to dismiss, the Court "may not consider matters outside the pleadings without converting the motion to a motion for summary judgment[.]"  <u>Redding v. Tuggle</u>, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1; <u>see also</u> <u>Johnson v. Unique Vacations, Inc.</u>, 498 F. App'x 892, 894 (11th Cir. 2012) (per curiam) (unpublished) (footnote and citations omitted) ("When a court considers matters outside of the pleadings in a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court converts that motion into a motion for summary judgment.").  However, "conversion is not

always required." <u>Chestnut v. Ethan Allen Retail, Inc.</u>, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013); <u>Patterson v. WMW, Inc.</u>, Civil Action File No. 1:11-CV-3172-WSD-SSC, 2012 WL 3261290, at *3 (N.D. Ga. June 15, 2012), adopted by 2012 WL 3260619 (N.D. Ga. Aug. 8, 2012). "In ruling on a motion to dismiss, the district court may consider an extrinsic document if (1) it is central to the plaintiff's claim, and (2) its authenticity is not challenged." <u>Chestnut</u>, 971 F. Supp. 2d at 1228 (citing <u>Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention</u>, 623 F.3d 1371, 1379 (11th Cir. 2010)). Indeed, "the EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it is not attached to a pleading." <u>Id.</u> (citations omitted); <u>see also</u> <u>Caetio v. Spirit Coach, LLC</u>, 992 F. Supp. 2d 1199, 1208 (N.D. Ala. 2014) ("As the EEOC charges are referenced in plaintiffs' complaint and are central to their claims, this court will consider those forms on defendant's motion to dismiss without converting the motion into a motion for summary judgment."). "In addition, 'the court may consider pubic records on a motion to dismiss without converting the motion to one for summary judgment.'" <u>Patterson</u>, 2012 WL 3261290, at *3 (citation omitted).

Contrary to plaintiff's argument, consideration of the EEOC charge and intake questionnaire does not require this Court to convert defendant's motion to dismiss, [Doc. 3], to a motion for summary judgment. "Plaintiff's EEOC charge is central to

6

[his] Title VII claims and is referenced in the complaint[.]" <u>Cobb v. Marshall</u>, 481 F. Supp. 2d 1248, 1254 n.2 (M.D. Ala. 2007); [Doc. 1 at 2].  Without the EEOC charge, the plaintiff would not be able to satisfy his "prima facie burden of proof." <u>Chestnut</u>, 971 F. Supp. 2d at 1228 (citation omitted).  Moreover, neither the plaintiff nor the defendant challenge the authenticity of the EEOC charge.  <u>See generally</u> [Docs. 3 & 5].  Similarly, the plaintiff's EEOC intake questionnaire is central to his Title VII claims and its authenticity is not disputed.  <u>Chestnut</u>, 971 F. Supp. 2d at 1228-29 (holding consideration of plaintiff's EEOC intake questionnaire and charge does not require the court to convert defendant's motion to dismiss to a motion for summary judgment).  Thus, the Court will consider plaintiff's EEOC charge and intake questionnaire in ruling on defendant's motion to dismiss, without converting it to a motion for summary judgment.  However, plaintiff's affidavit does not enjoy the same status as the EEOC charge and intake questionnaire, and the Court will not consider the affidavit, [Doc. 5-1], attached to plaintiff's response in ruling on the motion to dismiss.  <u>See</u>  <u>Wennersten v. Commercial Diver Servs., N.A. Inc.</u>, No. 12-60975-CIV, 2012 WL 3230419, at *1 n.1 (S.D. Fla. Aug. 6, 2012) (citation omitted) (declining to consider affidavit attached to plaintiff's response).

**B.**     **Exhaustion of Administrative Remedies and Scope of EEOC Charge**

Defendant contends that plaintiff failed to exhaust his administrative remedies for his Title VII claims. [Doc. 3 at 5-8]. Plaintiff responds that his Title VII claims are properly before the court. [Doc. 5 at 5]. Specifically, plaintiff asserts that "he checked the box selections on his [EEOC intake questionnaire] to indicate that he was complaining that he was subjected to discrimination based upon race, national origin,[3] and that he was subjected to reprisal." [Id. at 6-7 (footnote added) (citation omitted)]. In addition, plaintiff argues that his claims are "like, related to, and/or grew out of the allegations of his original charge." [Id. at 7].

"Before filing suit under Title VII . . ., a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC." Anderson v. Embarq/Sprint, 379 F. App'x 924, 926 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); see also Edwards v. Nat'l Vision Inc., 568 F. App'x 854, 859 (11th Cir. 2014) (per curiam) (unpublished) (citation omitted); Francois v. Miami Dade Cty., Port of Miami, 432 F. App'x 819, 821 (11th Cir. 2011) (per curiam)

---

[3] Plaintiff did not, however, check the box for national origin on his EEOC intake questionnaire. [Doc. 6 at 3]. Rather, he checked the boxes for race, retaliation, and color. [Id.]. Moreover, contrary to plaintiff's contention, [Doc. 5 at 5-7], there is no Title VII national origin discrimination claim before the Court because plaintiff has not asserted such a claim in his complaint, see generally [Doc. 1]; see also Wennersten, 2012 WL 3230419, at *1 n.1 (citations omitted) ("[T]he [p]laintiff may not amend his complaint through new allegations raised when responding to a motion to dismiss.").

(unpublished) (citations omitted); Poulsen v. Publix Super Mkts., Inc., 302 F. App'x 906, 907 (11th Cir. 2008) (per curiam) (unpublished) (footnote omitted) (citations omitted); Canty v. Fry's Elecs., Inc., 736 F. Supp. 2d 1352, 1372 (N.D. Ga. 2010), adopted at 1364 (citations omitted).  A plaintiff pursuing a private civil action under Title VII must first timely file a charge of discrimination "within one hundred and eighty days after the alleged unlawful employment practice occurred[.]"  42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Gay v. AirTran Airways, Inc., 427 F. App'x 743, 745 (11th Cir. 2011) (per curiam) (unpublished) (citation omitted).[4]  "If an employee fails to file an EEOC charge before the 180-day limitations period elapses, his . . . subsequent lawsuit is procedurally barred and must be dismissed for failure to exhaust his . . . administrative remedies."  Maxwell v. Inner Harbour, Ltd., Civil Action No. 1:08-CV-2925-RWS, 2009 WL 1045478, at *2 (N.D. Ga. Apr. 20, 2009) (citing Brewer v. Alabama, 111 F. Supp. 2d 1197, 1204 (M.D. Ala. 2000)).

Although a plaintiff's failure to include allegations of a particular type of discrimination or discriminatory act in an EEOC charge does not necessarily

---

[4] "The 180 day filing period begins to run from the date the adverse employment decision is communicated to the employee."  Barnes v. Hillhaven Rehab. & Convalescent Ctr., 686 F. Supp. 311, 312 (N.D. Ga. 1988) (citing Chardon v. Fernandez, 454 U.S. 6 (1981); Del. State Coll. v. Ricks, 449 U.S. 250 (1980)).  The same is true even if the decision does not take effect until after the communication.  Ricks, 449 U.S. at 258.

preclude a judicial complaint based on such allegations, "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)[5]; see also Anderson, 379 F. App'x at 926; Chanda v. Engelhard/ICC, 234 F.3d 1219, 1225 (11th Cir. 2000); Dickey v. Crawford Cty. Sch. Dist., Civil Action No. 5:10-cv-356 (CAR), 2011 WL 482716, at *3 (M.D. Ga. Feb. 7, 2011) (citation omitted).  The EEOC's investigatory function lies at the heart of the statutory scheme for remedying employment discrimination. Smith v. Sentry Ins., 674 F. Supp. 1459, 1467 (N.D. Ga. 1987); see also Freeman v. Koch Foods of Ala., 777 F. Supp. 2d 1264, 1276 (M.D. Ala. 2011).

"When considering the extent of a reasonable investigation by the EEOC, courts begin with the EEOC charge itself, with a particular focus on the factual statement contained therein."  Freeman, 777 F. Supp. 2d at 1277 (citation omitted). "Claims that amplify, clarify, or more clearly focus earlier complaints are appropriate, but [a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate."  Gay, 427 F. App'x at 745 (alteration in original) (citations and internal marks omitted).  A judicial

---

[5]  Decisions of the Fifth Circuit rendered before October 1, 1981, are binding upon panels of the Eleventh Circuit.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

complaint, however, may include any allegations investigated by the EEOC, even if the investigation was broader than the EEOC charge triggering the investigation because the EEOC has had the opportunity to effect voluntary compliance with the law prior to the filing of a civil action. Smith, 674 F. Supp. at 1467; see also Montgomery v. Atlanta Family Rests., Inc., 752 F. Supp. 1575, 1580 (N.D. Ga. 1990), adopted at 1576-77 (holding that claims in the plaintiff's complaint which were not specifically alleged in her EEOC charge but which were part of the EEOC's investigation were reasonably related to the conduct alleged in the formal EEOC charge). Finally, "where a defendant in a Title VII . . . discrimination case asserts that the plaintiff has not satisfied all conditions precedent to filing suit, including, for example, the timely filing of an EEOC Charge, the plaintiff bears the burden of proving that the conditions precedent . . . have been satisfied . . . ." Jackson v. Meadwestvaco Coated Bd., Inc., No. 3:09-cv-695-MEF, 2010 WL 4000614, at *5 (M.D. Ala. Sept. 22, 2010), adopted by 2010 WL 3999084, at *1 (M.D. Ala. Oct. 12, 2010) (second and third alterations in original) (citations and internal marks omitted); Kerr v. McDonald's Corp., 333 F. Supp. 2d 1352, 1358 (N.D. Ga. 2004) (citations omitted), aff'd, 427 F.3d 947 (11th Cir. 2005) (per curiam).

Plaintiff identified discrimination based on race as the sole basis of his EEOC charge. See [Doc. 3-1]. Specifically, plaintiff marked race discrimination as the

reason for his claim and alleged that he had been "discriminated against because of [his] race (non-African American), in violation of Title VII[.]" [Id.]. Plaintiff's specific allegations in his February 27, 2014, EEOC charge set forth that he began his employment with defendant as a security officer in June 2006, and on February 3, 2014, he had to use the restroom, and although he followed procedure for a restroom break, he was "suspended for leaving [his] post without being properly relieved" on February 4, 2014. [Id.]. Plaintiff's charge indicates that the dates of discrimination took place between February 4, 2014, and February 27, 2014. [Id.].

In his EEOC intake questionnaire, completed only twenty-two days prior to his EEOC charge, [Doc. 6 at 1-5], plaintiff marked the boxes for race, retaliation, and color as the bases for his claim of discrimination, [id. at 3]. When asked to identify the dates of the alleged discrimination, plaintiff provided February 2, 2014, and February 3, 2014. [Id.]. Plaintiff alleged that the officers "do[] not want to give [him] restroom break" and that "they do favor[s] to only the people they like." [Id.].

Plaintiff's complaint in this court alleges that defendant discriminated against him because of his race and color and retaliated against him, in violation of Title VII. [Doc. 1 at 6-7]. Plaintiff's EEOC charge, however, only alleges race discrimination in violation of Title VII. [Doc. 3-1]. Generally, "a Title VII plaintiff cannot bring any claim in a lawsuit that was not included in his or her EEOC charge." Gary v. Menlo

Logistics Global Transp. Servs., Inc., Civil Action No. 1:06-CV-2139-TWT, 2007 WL 528096, at *4 (N.D. Ga. Feb. 13, 2007), adopted at *1 (citations omitted).  Plaintiff argues that he checked the appropriate boxes on his EEOC intake questionnaire to indicate his Title VII complaints of race and color discrimination and retaliation. [Doc. 5 at 6-7].  Although not the general rule, the Eleventh Circuit has held that "a verified[6] intake questionnaire . . . may constitute a charge for the purposes of [] Title VII . . . when the circumstances of the case would convince a reasonable person that the charging party manifested [his] intent to activate the administrative process by filing the intake questionnaire with the EEOC."  Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1321 (11th Cir. 2001) (footnote added).  "Because [plaintiff's] [i]ntake [q]uestionnaire was not verified, and he did subsequently file a separate charge, this [C]ourt concludes that the [i]ntake [q]uestionnaire does not serve as a charge in this case."  Ambus, 938 F. Supp. 2d at 1232 (citation omitted); see also Francois, 432 F. App'x at 822 (finding the questionnaire should not be taken into account, as plaintiff's intake questionnaire was not verified and he filed a later timely charge). Indeed, the fact that plaintiff filed a charge approximately three weeks later

---

[6] Verified means the charge is "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury."  Ambus v. Autozoners, LLC, 938 F. Supp. 2d 1225, 1232 (M.D. Ala. 2013) (internal marks omitted) (quoting 29 C.F.R. § 1601.3(a)).

"suggests he did not intend his intake questionnaire to function as a charge." Francois, 432 F. App'x at 822 (citation omitted); Bost v. Fed. Express Corp., 372 F.3d 1233, 1241 (11th Cir. 2004) ("[Plaintiff] clearly understood that the intake questionnaire was not a charge because he later filed a timely charge. . . . [Plaintiff's] conduct shows that he did not intend to activate the administrative process until he filed his formal charge of discrimination.").

Plaintiff also argues that his claims "need not be set forth on the face of the EEOC charge" because they are based on "facts which were like, related to, and/or grew out of the allegations in his original charge."  [Doc. 5 at 5-7].  Specifically, plaintiff argues that "an EEOC [i]nvestigation would 'reasonably have been extended to encompass' the history of the [d]efendant's retaliatory treatment of the [p]laintiff based upon his complaints of illegal discrimination approximately one month prior to his termination."  [Id. at 7].  However, plaintiff's retaliation claim included in his complaint is based on actions that allegedly occurred before the alleged race discrimination, which could not reasonably be expected to grow out of his charge of discrimination.  Scott v. Kindred Hosps. Ltd. P'ship, No. 1:06-cv-76-WSD-GGB, 2006 WL 2523093, at *4 (N.D. Ga.  Aug. 28, 2006), adopted at *4. "Plaintiff does not even suggest that []he suffered retaliation in [his] EEOC charge." Id.  In fact, "all of the factual allegations contained in [plaintiff's] EEOC charge

14

related to his termination and none related to a retaliation claim." <u>Green v. Elixir Indus., Inc.</u>, 152 F. App'x 838, 840 (11th Cir. 2005) (per curiam) (unpublished). He noted his date of suspension, February 4, 2014, that lead to his termination as the earliest date that the alleged discrimination took place, and he explained that his suspension stemmed from his use of the restroom one day prior. [Doc. 3-1]. He did not mention his complaint to defendant about a hostile work environment approximately one month before his termination, nor did he discuss defendant's alleged retaliatory conduct in response to his complaint. [<u>Id.</u>]. The retaliation claim contained in his complaint does not "amplify clarify, or more clearly focus the allegations in the EEOC charge [of race discrimination], but instead constitute[s] [a] new allegation[] of discrimination." <u>Scott</u>, 2006 WL 2523093, at *4 (internal marks omitted). Because he did not include in his EEOC charge any allegations regarding the alleged retaliation that preceded his termination, plaintiff failed to exhaust his administrative remedies for his Title VII retaliation claim.

Plaintiff also brings a claim of Title VII color discrimination. [Doc. 1 at 6]. Defendant argues that this claim should likewise be dismissed for failure to exhaust administrative remedies because plaintiff did not include a claim of color discrimination in his EEOC charge. [Doc. 3 at 5-6]. Defendant also points out in its reply brief, [Doc. 5 at 9 n.2], that plaintiff did not address defendant's arguments

regarding his Title VII color discrimination claim in his response to the motion to dismiss, see generally [Doc. 5].  The "[f]ailure to respond to an opposing party's argument constitutes abandonment of that claim and warrants its dismissal." Demmons v. Fulton Cty., Civil Action File No. 1:09-CV-2312-TWT-WEJ, 2010 WL 3418325, at *11 (N.D. Ga. Aug. 2, 2010), adopted by 2010 WL 3418328, at *1 (N.D. Ga. Aug. 25, 2010) (citations omitted); see also Bell v. Metro. Atlanta Rapid Transit Auth., Civil Action No. 1:10–CV–1117–JEC, 2011 WL 1225899, at *6 (N.D. Ga. Mar. 30, 2011) (citations omitted); Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (citation omitted) (dismissing claims as abandoned where plaintiff failed to respond to defendants' motion to dismiss those claims); Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001), adopted at 1304 (citing Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995)) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.").  Moreover, plaintiff's properly exhausted claim of race discrimination does not encompass a claim of color discrimination because "color discrimination is distinct from race discrimination." Gill v. Bank of Am. Corp., No. 2:15-cv-319-FtM-38CM, 2015 WL 4349935, at *4 (M.D. Fla. July 14, 2015) (citations and internal marks omitted).  Plaintiff's EEOC charge "is devoid of allegations based on pigmentation, complexion, hue, shade, or tone of

[p]laintiff's skin," and therefore, his claim of color discrimination "is not reasonably related to [his] EEOC charge."   Id. (citation omitted).  Accordingly, it is **RECOMMENDED** that plaintiff's claims for discrimination based on color and retaliation under Title VII be **DISMISSED** for failure to exhaust administrative remedies.

## C.    Title VII Retaliation

Even if plaintiff had properly exhausted his Title VII retaliation claim, defendant contends that he has failed to state a plausible claim of retaliation, [Doc. 3 at 8-12], and the Court agrees.[7]  In addition to prohibiting discrimination, Title VII provides that it is "an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment" because the employee has opposed unlawful discrimination by his employer or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" concerning unlawful discrimination by his employer.  42 U.S.C. § 2000e-3(a).[8]  To establish a prima facie case of retaliation under Title VII, plaintiff must demonstrate that "(1) []he engaged in an activity protected under Title

_____

[7] Plaintiff has not asserted a retaliation claim under § 1981.  See [Doc. 1].

[8] These two prohibitions on retaliation are generally known as the opposition and the participation clause, respectively.   EEOC v. Total Sys. Servs., Inc., 221 F.3d 1171, 1174 (11th Cir. 2000); Enadeghe v. Ryla Teleservices, Inc., Civil Action No. 1:08-CV-3551-TWT, 2010 WL 481210, at *8 (N.D. Ga. Feb. 3, 2010), adopted at *1.

VII; (2) []he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008) (citation omitted); see also Patel v. Ga. Dep't BHDD, 485 F. App'x 982, 983 (11th Cir. 2012) (per curiam) (unpublished) (citation omitted); Brochu v. City of Riviera Beach, 304 F.3d 1144, 1155 (11th Cir. 2002) (citation omitted).  Although plaintiff "need not plead a prima facie case to survive dismissal," the allegations in his complaint "must be sufficient to 'raise a right to relief above the speculative level[.]'" McCullough v. Bd. of Regents of Univ. Sys. Of Ga., No. 14-14942, 2015 WL 4745319, at *2 (11th Cir. Aug. 12, 2015) (per curiam) (unpublished) (citations omitted); Barclay v. First Nat'l Bank of Talladega, No. 1:14-cv-01573-KOB, 2014 WL 5473829, at *4 (N.D. Ala. Oct. 28, 2014) (alterations in original) (footnote and citation omitted) ("For a retaliation claim, '[a]lthough a Title VII complaint need not allege facts sufficient to make out a . . . prima facie case . . . it must prove enough factual matter (taken as true) to suggest . . . discriminatory retaliation.'").

Plaintiff's complaint does not contain sufficient factual allegations regarding his retaliation claim to survive defendant's motion to dismiss.  Plaintiff has not specified whether his retaliation claim is based on the opposition clause, the participation clause, or both, see generally [Doc. 1]; in either case, however, plaintiff

has failed to state a viable claim for retaliation because he has failed to adequately allege that he engaged in protected activity under Title VII.  Complaints to an employer only constitute protected activity under Title VII if they pertain to matters protected by the statute.  See Sridej v. Brown, 361 F. App'x 31, 35 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); Canty v. Fry's Elecs., Inc., Civil Action No. 1:09-CV-3508-WSD-LTW, 2012 WL 1038619, at *8 (N.D. Ga. Feb. 12, 2012), adopted by 2012 WL 1038611, at *10 (N.D. Ga. Mar. 27, 2012) (dismissing plaintiff's complaint where his internal complaints to management were not protected activity since "they did not discuss any type of discrimination prohibited by Title VII").  Accordingly, despite the fact that plaintiff mentions complaining of a "hostile work environment" in his complaint, [Doc. 1 at 4], he has failed to adequately state a retaliation claim because he has not alleged any factual basis for finding that his complaint was related to protected categories under Title VII, amounting to protected activity under the statute.  See Canty, 2012 WL 1038619, at *9 (citation omitted) ("While [p]laintiff uses buzz words, such as hostile work environment . . . to describe his former complaints to management . . . . [p]laintiff's complaints to management do not suggest any discrimination on the basis of race, color, or any other classification protected by Title VII[.]").  Therefore, it is

**RECOMMENDED** that plaintiff's Title VII retaliation claim be **DISMISSED** for failure to state a claim.

**D.      Title VII and § 1981**

Plaintiff alleges that defendant discriminated against him on the basis of his race in violation of Title VII and § 1981.[9] See [Doc. 1 at 6-8]. Defendant argues that plaintiff's claims of discrimination are "insufficiently plead" because they fail to "meet the pleadings standards set forth by *Twombly* and *Iqbal*." [Doc. 3 at 13; Doc. 7 at 4]. In particular, defendant asserts that plaintiff's allegations "amount to nothing more than labels and conclusions, and formulaic recitation of the elements

---

[9] It is not entirely clear whether plaintiff's claim under § 1981 alleges discrimination because of plaintiff's race or national origin. See [Doc. 1 at 8 ("The conduct of the [d]efendant employer constitutes a violation of 42 U.S.C. § 1981 in that the [d]efendant employer subjected the [p]laintiff to intentional discrimination based on his ancestry or ethnic characteristics.")]. "[Section] 1981's protections do not extend to discrimination based 'solely on the place or nation of . . . origin.'" Baker v. Hafez Corp., Civil Action No. 13-00641-KD-N, 2014 WL 1760976, at *2 (S.D. Ala. May 2, 2014), adopted at *1 (second alteration in original) (citations omitted). Defendant argues in its reply that plaintiff's § 1981 claim is a national origin claim, and thus should be dismissed, citing Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987), but defendant's reliance on Saint Francis College is misplaced. In Saint Francis College, the Supreme Court explained, "[W]e have little trouble in concluding that Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their *ancestry or ethnic characteristics*. Such discrimination is racial discrimination that Congress intended § 1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory." Id. (emphasis added) (footnote omitted). Thus, the Court will address plaintiff's § 1981 claim as alleging discrimination based on his race.

of a cause of action" and "fail to provide any further factual enhancement of those claims." [Doc. 3 at 13 (citations and internal marks omitted)].  Plaintiff replies that "his claims are far from ambiguous, and . . . meet the standards required under Fed. R. Civ. P[]. 8(a)."  [Doc. 5 at 5].[10]

Title VII makes it unlawful for a covered employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1). Similarly, § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts[[11]] . . . as is enjoyed

---

[10] Plaintiff also responds that "a complaint should not be dismissed 'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  [Doc. 5 at 3 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)].  As the defendant correctly contends in its reply, plaintiff's reliance on pre-Twombly authority is misplaced.  [Doc. 7 at 3].  In fact, the Supreme Court stated, "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough."  Twombly, 550 U.S at 562.  The Court further clarified that Conley did not describe "the minimum standard of adequate pleading to govern a complaint's survival."  Id. at 564 (footnote omitted).  Plaintiff further argues that the defendant "has not carried its burden of showing that it is entitled to judgment as a matter of law and that there are no genuine issues of material fact." [Doc. 5 at 5].  Plaintiff's argument refers to the standard for summary judgment, see Fed. R. Civ. P. 56(a), but defendant has filed a motion to dismiss, which has not been converted to a motion for summary judgment, so this argument is without merit.

[11] "Make and enforce contracts" encompasses "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. §

by white citizens[.]"   42 U.S.C. § 1981(a).   Where § 1981 is used as a remedy for employment discrimination, the elements required to establish a claim under § 1981 mirror those required for a Title VII claim.   Howard v. BP Oil Co., 32 F.3d 520, 524 n.2 (11th Cir. 1994) (citation omitted); Brown v. Am. Honda Motor Co., 939 F.2d 946, 949 (11th Cir. 1991) (citation omitted); Hale v. Mingledorff, Civil Action No. 2:13-CV-0228-RWS, 2014 WL 7012772, at *11 (N.D. Ga. Dec. 11, 2014), adopted at *1 (citation and internal marks omitted) ("The analysis of a disparate treatment claim is the same whether that claim is brought under Title VII [or] § 1981[.]").

To establish a prima facie case of discrimination, plaintiff must show that: "1) he is a member of a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) he was replaced by someone outside his protected class or 'was treated less favorably than a similarly-situated individual outside his protected class.'"   DeLeon v. ST Mobile Aerospace Eng'g, Inc., 684 F. Supp. 2d 1301, 1327 (S.D. Ala. 2010) (quoting Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003)).   However, "[a] complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss."

---

1981(b).   "Section 1981 thus prohibits a range of material adverse actions in private employment because of race."   Willmore-Cochran v. Wal-Mart Assocs., Inc., 919 F. Supp. 2d 1222, 1233 (N.D. Ala. 2013) (citation omitted).

Henderson v. JP Morgan Chase Bank, N.A., 436 F. App'x 935, 937 (11th Cir. 2011) (per curiam) (unpublished) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002)).  "But complaints alleging discrimination still must meet the 'plausibility standard' of Twombly and Iqbal."  Id. (citation omitted).  "So, [plaintiff's] complaint ha[s] to contain 'sufficient factual matter' to support a reasonable inference that [defendant] engaged in racial discrimination against [him.]"  Id.[12]  In fact, "a complaint that 'provides no . . . detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that [the plaintiff's protected class] race played a role in [the employer's] decision to dismiss him' is insufficient to satisfy the minimum pleading standards of Rule 8(a)(2)."  Liburd v.

---

[12] That is, the "Eleventh Circuit recognize[s] the Twombly standard as controlling."  Ashmore v. F.A.A., No. 11–CV–60272, 2011 WL 3915752, at *3 (S.D. Fla. Sept. 2, 2011) (alteration in original) (citation and internal marks omitted).  "Thus, it appears that a plaintiff establishing a prima facie case of discrimination under McDonnell likely survives a Rule 12(b)(6) motion."  Id.  "However, when a plaintiff falls short of such a prima facie case the court must determine whether the plaintiff may have nevertheless alleged enough to survive a Rule 12(b)(6) motion."  Id.  In particular, "factual allegations must not be merely formulaic recitations of elements of a discrimination claim, but must instead provide enough content to suggest there was intentional discrimination based on a protected trait."  Baker, 2014 WL 1760976, at *9; see also Henderson, 436 F. App'x at 937 (citation omitted) (noting plaintiff could meet this standard by "alleging facts showing that similarly-situated [comparators] outside her racial class were offered more favorable [] terms").  "If not, the allegations are merely conclusory and not assumed to be true, and the complaint is subject to dismissal."  Baker, 2014 WL 1760976, at *9 (citations omitted); see also id. (alteration in original) ("Moreover, there must be enough facts (taken as true) to make discrimination a more likely explanation.").

Bronx Lebanon Hosp. Ctr., No. 07 Civ. 11316(HB), 2008 WL 3861352, *5 (S.D.N.Y. Aug. 19, 2008) (alterations in original) (citations omitted).

In his complaint, plaintiff alleges that he "was denied the same terms, conditions, and privileges of employment as his counterparts of a different race, color, and/or ancestry or ethnic characteristics" and that "[d]efendant . . . for no legitimate reason terminated his employment." [Doc. 1 at 5].  For Count I, his Title VII race discrimination claim, plaintiff asserts that "[t]he conduct of the [d]efendant employer constitutes a violation of [Title VII] in that the [d]efendant employer committed an unlawful employment practice by its managers' discrimination against him based upon race," [id. at 6], and for Count IV, plaintiff simply states, "[t]he conduct of the [d]efendant employer constitutes a violation of [] § 1981 in that the [d]efendant employer subjected the [p]laintiff to intentional discrimination based upon his ancestry or ethnic characteristics," [id. at 8].

Plaintiff's complaint does not contain sufficient factual allegations for his racial discrimination claims to survive defendant's motion to dismiss.  While plaintiff has alleged that he was terminated from his employment, he "pleaded no facts indicating any correlation whatsoever between [his] race and the decision to terminate [his] employment." Bradford v. Regions Fin. Corp., Civil Action No. 2:13-CV-00642-KOB, 2013 WL 3381375, at *3 (N.D. Ala. July 8, 2013); Enadeghe, 2010 WL 481210, at *7 ("Plaintiff does not allege any facts indicating that unlawful race

discrimination was the reason for her termination."). Moreover, plaintiff's assertions that his "counterparts" of a different race were treated more favorably "are conclusory and [similarly] devoid of sufficient factual enhancement to plausibly suggest that [defendant] intentionally discriminated against [him] because of his race." Hale, 2014 WL 7012772, at *12; see also Wells v. Voestalpine Nortrak, Inc., No. 2:13-cv-2170-SLB, 2015 WL 554779, at *3 (N.D. Ala. Feb. 11, 2015) ("[P]laintiff does not name those employees, state their positions in the company, or provide any other facts showing that those two employees are similarly situated to plaintiff."). Indeed, while he may have believed that his ultimate termination was due to his race, "plaintiff's claim for race discrimination in his termination, without more facts, 'epitomizes speculation' and does not state a claim under Rule 8(a)(2)." Wells, 2015 WL 554779, at *3; see also Givens v. Eddie Deen & Co. Catering, Civil Action No. 3:10-CV-1164-L, 2011 WL 624071, at *1 (N.D. Tex. Feb. 18, 2011) (emphasis omitted) ("A simple statement that Plaintiff believes he was fired because he is African-American is insufficient to plead a claim of race discrimination under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff must set forth specific allegations that would demonstrate that he was treated differently because of his race, that is, he must set forth sufficient allegations that race was the reason he was terminated."); Bacon v. Ga. Ports Auth., No. CV410-281, 2010 WL 5538515, at *2 (S.D. Ga. Dec. 17, 2010), adopted as modified by 2011 WL 43504, at *1 (S.D. Ga. Jan. 6, 2011) (citations

omitted) (dismissing Title VII complaint without prejudice where plaintiff alleges "neither direct-evidence facts ('because you're black') nor circumstantial-evidence facts (comparable white treated better)"); <u>Washington v. Sprint Food Stores, Inc.</u>, Civil Action No. 1:10-CV-823-TWT-ECS, 2010 WL 5463137, at *2 (N.D. Ga. Dec. 2, 2010), adopted by 2010 WL 5463133, at *1 (N.D. Ga. Dec. 29, 2010) (dismissing complaint for failure to state a claim under Title VII where plaintiff alleged only that she was a black female who was fired after she refused to conduct a cash back transaction for a white customer).

"Further undermining the plausibility of [his] race discrimination claim, [p]laintiff does not specify [his] race [or] the race of any other similarly situated individuals that received comparably better treatment than [him]." <u>Cardwell v. Auburn Univ. Montgomery</u>, 941 F. Supp. 2d 1322, 1331 (M.D. Ala. 2013); <u>see generally</u> [Doc. 1].[13]  Plaintiff has therefore failed to adequately allege a plausible claim of race discrimination under Title VII or § 1981, and his complaint in this

---

[13] In his response to defendant's motion to dismiss, plaintiff identifies himself as "Asian American of Chinese descent," citing the affidavit attached to his response. [Doc. 5 at 2]. However, for the reasons already discussed, the Court will not consider plaintiff's affidavit in ruling on defendant's motion to dismiss. Plaintiff also cites his EEOC intake questionnaire, which he submitted as an exhibit to his response to defendant's motion to dismiss, [<u>id.</u>]; [Doc. 6], but plaintiff cannot amend his complaint by including his race in his response to the motion to dismiss. <u>Wennersten</u>, 2012 WL 3230419, at *1 n.1.  Moreover, even had plaintiff specified his race in his complaint, he would nevertheless still have failed to state a plausible claim for the reasons discussed.

regard does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure.  See Hicks v. Bd. of Regents of the Univ. Sys. of Ga., No. 3:11–CV–94 (CDL), 2011 WL 6300542, at *2 (M.D. Ga. Dec. 16, 2011).  Accordingly, it is hereby **RECOMMENDED** that plaintiff's claims for discrimination based on race under Title VII and § 1981 be **DISMISSED** for plaintiff's failure to state a claim.[14]

### III.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that defendant's motion to dismiss, [Doc. 3], be **GRANTED**, and that this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate this referral.

**IT IS SO ORDERED** and **RECOMMENDED**, this 28th day of October, 2015.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[14] Plaintiff requests that if the Court finds his complaint lacking, that he be granted leave to file an amended complaint.  [Doc. 5 at 14].  However, "[f]iling a motion is the proper method to request leave to amend a complaint." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam).  Rule 7(b) of the Federal Rules of Civil Procedure provides that a "request for a court order must be made by motion," which must "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b).  Because the plaintiff's request was included in his memorandum in opposition to defendant's motion to dismiss, not in a separate motion, and failed to include a proposed amended complaint or a description of the substance of any proposed amendments that would support a plausible claim, the plaintiff's request is **DENIED**. Dunkerley v. Estes, Civil Action No. 13-00331-BB-M, 2014 WL 3063563, at *2 (S.D. Ala. July 4, 2014) adopted at *1; see also Long, 181 F.3d at 1279.