# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SAM QUACH,

         Plaintiff,

     v.

PARAGON SYSTEMS INC.,

         Defendant.

CIVIL ACTION FILE NO.

1:15-cv-00750-RWS-RGV

## ORDER FOR SERVICE OF SUPPLEMENTAL
## REPORT AND RECOMMENDATION

The Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 14-01 (N.D. Ga. Aug. 15, 2014), has been filed. The Clerk is **DIRECTED** to serve upon counsel for the parties and directly upon any unrepresented parties a copy of the Report and Recommendation and a copy of this Order.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for

review by the District Court.    If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court, and on appeal, the Court of Appeals will deem waived any challenge to factual and legal findings to which there was no objection, subject to interests-of-justice plain error review.  11th Cir. R. 3-1.

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED**, this 26th day of February, 2016.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAM QUACH,

              Plaintiff,

     v.

PARAGON SYSTEMS INC.,

              Defendant.

CIVIL ACTION FILE NO.

1:15-cv-00750-RWS-RGV

**MAGISTRATE JUDGE'S SUPPLEMENTAL
REPORT AND RECOMMENDATION**

Plaintiff Sam Quach ("plaintiff") has filed an amended motion to amend his complaint, [Doc. 18],[1] to which defendant Paragon Systems, Inc. ("defendant") has responded, [Doc. 21], and plaintiff has replied, [Doc. 22].  For the reasons that follow, it is **RECOMMENDED** that plaintiff's amended motion to amend his complaint, [Doc. 18], be **GRANTED IN PART** and **DENIED IN PART**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff began his employment with defendant as a security guard in 2012. [Doc. 18-1 at 3 ¶ 7; Doc. 1 at 3 ¶ 7].  Plaintiff alleges that on January 6, 2014, he

---

[1] The document and page numbers listed in citations to the record refer to the documents and pages listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

[2] The factual background is taken from the pleadings and supporting exhibits and does not constitute findings of fact by the Court.

complained to defendant that he was being subjected to a "hostile work environment," [Doc. 18-1 at 4 ¶ 17; Doc. 1 at 4 ¶ 17], and "[b]ecause of [] [p]laintiff's complaint of illegal discrimination, on or about January 7, 2014, [] [d]efendant [] arbitrarily and for no legitimate reason transferred [] [p]laintiff to another work location and changed [] [p]laintiff's work hours to place more demands upon him and in an otherwise adverse manner," [Doc. 18-1 at 4-5 ¶ 18]; see also [Doc. 1 at 4 ¶ 18].

While at his security post on February 3, 2015, plaintiff needed to use the restroom, and he called a rover guard to temporarily relieve him.  [Doc. 18-1 at 3 ¶ 10; Doc. 1 at 3 ¶ 10].  After the rover guard arrived, she began speaking with another security guard near plaintiff's post, and plaintiff then "became unable physically to perform at the post without going to the restroom, and, therefore, hurriedly proceeded to advance towards the restroom."  [Doc. 18-1 at 3-4 ¶¶ 11-13]; see also [Doc. 1 at 3-4 ¶¶ 11-13].  Defendant terminated plaintiff on February 4, 2015, for abandoning his post.  [Doc. 18-1 at 3 ¶¶ 8-9; Doc. 1 at 3 ¶¶ 8-9].

On March 12, 2015, plaintiff brought this action against defendant, alleging claims of race and color discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981").  See [Doc. 1].  Defendant filed a motion to dismiss plaintiff's complaint, [Doc. 3], and the undersigned issued a Report and Recommendation

("R&R") that defendant's motion to dismiss be granted in its entirety, [Doc. 15].

Plaintiff has since filed an amended motion to amend his complaint, [Doc. 18],

which defendant opposes, [Doc. 21], and plaintiff has filed a reply in support of his

motion to amend.  [Doc. 22].  The amended motion to amend plaintiff's complaint

has been referred to the undersigned, [Doc. 23], and it is now ripe for ruling.

## II.  DISCUSSION

Plaintiff moves to amend his complaint to "clarify his claims of discrimination

and retaliation made against the [d]efendant] concerning workplace reprisal and

disparate treatment concerning the same operative facts[.]" [Doc. 18 at 1-2].  Plaintiff

seeks to add that he is an "Asian citizen of the United States of Chinese national

origin who[se] physical characteristics of his eyes, hair, and skin color were

perceived by his employer as non-white ethnic characteristics."  [Doc. 18-1 at 2 ¶ 2];

see also [id. at 3 ¶ 7 (stating he is "an Asian male of Chinese ancestry")].  Plaintiff

also seeks to add the following factual allegation: "Plaintiff did not abandon his post

or violate work orders, and the reason given by the employer for terminating him

was a pretext for intentional illegal discrimination based upon this Asian race,

lighter color, reprisal, and his non white physical ethnic characteristics of his

Chinese national origin."  [Id. at 4 ¶ 16].  Finally, plaintiff seeks to supplement the

allegations of his original complaint with the following additional factual

allegations:

On or about January 6, 2014, the [p]laintiff made a complaint alleging that the [d]efendant/employer's state Program Manager was subjecting him to a hostile work environment by discriminating against him by not allowing him to stay at his same work location and change his schedule as such Program Manager allowed [p]laintiff's less senior counterparts.

Because of [p]laintiff's complaints of illegal discrimination, on or about January 6, 2014, for no legitimate reason, the [d]efendant's state Program Manager threatened to transfer the [p]laintiff to a work location which would substantially increase his work commute resulting in [p]laintiff's inability to perform his duties in the workplace in the same manner as other security guard employees employed by the [d]efendant who ha[d] not made such a complaint.

By changing the [p]laintiff's hours and work locations more adversely and terminating his employment for reasons which were not legitimate and not applied to his counterparts of a non-Asian race, darker color, race, and not having non-white physical characteristics based upon his Chinese ancestry and national origin, the [p]laintiff was denied the same terms, conditions, and privileges of employment as his counterparts of a different race, color, and/or without such non-white physical ethnic characteristics of Chinese ancestry or national origin.

Defendant created intolerable and illegal working conditions for the [p]laintiff and for no legitimate reason terminated his employment based upon a[n] alleged standard that [p]laintiff is not allowed to take a restroom emergency break when he calls for a Work Rover who appears to relieve him on his post, while not applying the same standards to or terminating for similar conduct his African-American and Caucasian Security [G]uard counterparts who worked for the [d]efendant/employer, his darker complexioned Security Guard counterparts who worked for the [d]efendant/employer, and his non-white Security [G]uard counterparts who worked for the [d]efendant who were without physical ethnic characteristics of Chinese ancestry or national origin.

The [d]efendant employer provided more favorable terms, privileges, and conditions of employment to [p]laintiff's counterparts of a different

color, race, and ancestry or physical ethnic characteristic by terminating him based upon the alleged reason that [p]laintiff abandoned his post or failed to follow work orders, while not applying the same standards to or terminating his African American and Caucasian counterparts, his darker complexioned counterparts, and his counterparts without non-white physical ethnic characteristics of Chinese ancestry or national origin who failed to follow the same or similar work place rule which the [d]efendant contends [p]laintiff violated and resulted in his employment termination: namely, abandoning his post and failing to follow work orders.

[Id. at 4 ¶ 17, 5 ¶ 20, 6-7 ¶¶ 22-24].  Plaintiff contends that these factual allegations in his amended complaint "set[] forth a more detailed account of the facts upon which his claims are based."  [Doc. 22 at 2].

"[C]onsistent with Rule 15(a)'s mandate that 'leave shall be freely given when justice so requires,' district courts should generously allow amendments even when the plaintiff does not have the right to amend the complaint."  Williams v. Bd. of Regents of the Univ. Sys. of Ga., 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (citations omitted) (quoting Fed. R. Civ. P. 15(a)).  That is, "[a] district court should not deny leave to amend 'unless there is a substantial reason.'"  Whitby v. Chertoff, Civil Action No. 5:08-CV-242 (HL), 2010 WL 431974, at *1 (M.D. Ga. Feb. 2, 2010) (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999)).  Substantial reasons for denying plaintiff leave to amend his complaint include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, [and] futility of amendment." <u>Reese</u> <u>v. Herbert</u>, 527 F.3d 1253, 1263 (11th Cir. 2008) (alteration in original) (citation and internal marks omitted); <u>Andrx Pharm., Inc., v. Elan Corp., PLC</u>, 421 F.3d 1227, 1236 (11th Cir. 2005) (citation omitted); <u>Maynard v. Bd. of Regents of Div. of Univs. of Fla.</u> <u>Dep't of Educ. ex rel. Univ. of S. Fla.</u>, 342 F.3d 1281, 1287 (11th Cir. 2003) (citation and internal marks omitted) ("[A] motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendant[], and futility of the amendment.").  Defendant argues that plaintiff's motion for leave to amend his complaint should be denied because plaintiff has unduly delayed any efforts to amend his complaint, [Doc. 21 at 3-4], and plaintiff's complaint suffers from the same fatal flaws as his original complaint and thus any amendment is futile, [<u>id.</u> at 4-10].  The Court will address each argument.

## A.    <u>Undue Delay</u>

"Permission [to amend plaintiff's complaint] may be denied where leave would cause undue delay or prejudice to the opposing party, . . . or if the motive of the amendment is dilatory."  <u>Halliburton & Assocs., Inc. v. Henderson, Few & Co.</u>, 774 F.2d 441, 443 (11th Cir. 1985) (citations omitted).  The Eleventh Circuit "has found delay to be undue where 'both parties and the court were fully prepared for trial and the addition of a new claim would have re-opened the pretrial process and delayed the trial and [where the plaintiff's] attorney had sufficient opportunity to

request a timely amendment before the pretrial order had been submitted.'" Burger
King Corp., 169 F.2d at 1319 (alteration in original) (quoting Nolin v. Douglas Cty.,
903 F.2d 1546, 1551 (11th Cir. 1990)).  The Eleventh Circuit has "also found delay to
be undue where the motion for leave to amend was filed thirty months after the
original complaint and three weeks before trial, where the only apparent reason for
the delay was the plaintiff's retention of a new attorney." Id. (footnote and citation
omitted).  Indeed, "[t]he Eleventh Circuit cases upholding denials of leave to amend
based on undue delay involve delays measured in years and/or extending beyond
key deadlines." Allstate Indem. Co. v. Price, Civil Action No. 12-0324-WS-B, 2012
WL 5416426, at *2 (S.D. Ala. Nov. 2, 2012) (footnote omitted); see also Campbell v.
Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted) ("Prejudice and
undue delay are inherent in an amendment asserted after the close of discovery and
after dispositive motions have been filed, briefed, and decided.").

"[T]hough [p]laintiff's motion to amend [his] complaint delays the resolution
of this case, there is no indication that such delay is undue." Cline v. Advanced
Neuromodulation Sys., Inc., 921 F. Supp. 2d 1374, 1377-78 (N.D. Ga. 2012) (citing
Loggerhead Turtle v. Cty. Council of Volusia Cty., 148 F.3d 1231, 1256-57 (11th Cir.
1998)).  As defendant points out, [Doc. 21 at 3], plaintiff did not formally seek to
amend his complaint until after the R&R recommending that his complaint be

dismissed was issued, [Doc. 15]; however, in his response in opposition to defendant's motion to dismiss his original complaint, plaintiff proposed to amend his complaint if the Court deemed the allegations of the original complaint insufficient, [Doc. 5 at 14-15], and he formally moved to amend his complaint within approximately two weeks after the R&R was issued.  See [Docs. 17 & 18] ; see also Floyd v. E. Airlines, Inc., 872 F.2d 1462, 1490 (11th Cir. 1989), rev'd on other grounds, 499 U.S. 530 (1991) (citations omitted) (finding the trial court abused its discretion in not allowing plaintiffs to amend their complaint where "[a]lthough they did not seek to formally amend their complaints until after the district court's dismissal of their initial complaints," "plaintiffs had offered to amend their complaints . . . in a memorandum filed in opposition to [defendant's] motion to dismiss," reasoning that "[t]he mere passage of time, without anything more, is an insufficient reason to deny leave to amend").  "Given that plaintiff[] filed this motion within . . . eight months after filing of the original complaint, that time frame is insufficient to deny the motion on the basis of undue delay alone."  Guest-Tek Interactive Entm't Inc. v. Pullen, 731 F. Supp. 2d 80, 93 (D. Mass. 2010) (citations omitted); see also Collins v. Int'l Dairy Queen, 190 F.R.D. 633, 635 (M.D. Ga. 2000) (finding delay in filing amendment was not undue because "discovery ha[d] not yet been completed and a trial date ha[d] not yet been set," though the case was almost six years old).  Thus,

8

the Court will proceed to the merits of plaintiff's amended motion to amend his complaint and consider whether it is futile.  See Atlanta Indep. Sch. Sys. v. S.F. ex rel. M.F., 740 F. Supp. 2d 1335, 1357 (N.D. Ga. 2010).[3]

## B.    **Futility of the Amendment**

"In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss." Amick v. BM & KM, Inc., 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) (citation omitted) (citing Vanderberg v. Donaldson, 259 F.3d 1321, 1326-27 (11th Cir. 2001)). In his amended complaint, plaintiff brings claims of race and color discrimination and retaliation in violation of Title VII and § 1981.  See [Doc. 18-1].

### 1.    *Exhaustion of Administrative Remedies*

Defendant contends that plaintiff's amended complaint is futile with regard to his claims of color discrimination and retaliation in violation of Title VII because "the administrative prerequisites to such claims were not exhausted."  [Doc. 21 at 4]. In particular, defendant asserts that "[p]laintiff checked only the 'race' box on his

---

[3] Defendant asserts that plaintiff has been dilatory.  [Doc. 21 at 4]. "A dilatory motive is one to delay the future progress of the proceedings[.]"  Powers v. Auto. Comput. Servs., Inc., Civil Action No. 09-0556-WS-C, 2010 WL 761311, at *2 (S.D. Ala. Mar. 4, 2010).  "[P]laintiff's offer to amend was made in response to the defendant's initial challenge to the sufficiency of the complaint," and "[a]ny delays thereafter were due to scheduling delays, not to any dilatory actions by [] plaintiff[] who sought leave to amend."  Floyd, 872 F.2d at 1490.

[c]harge of [d]iscrimination," and the "narrative of [p]laintiff's [c]harge provides no indication whatsoever that the [c]harge was intended to include claims of color or retaliation."  [Id. at 5 (citations omitted)].

"Before filing suit under Title VII . . ., a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC."  Anderson v. Embarq/Sprint, 379 F. App'x 924, 926 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); see also Edwards v. Nat'l Vision Inc., 568 F. App'x 854, 859 (11th Cir. 2014) (per curiam) (unpublished) (citation omitted); Francois v. Miami Dade Cty., Port of Miami, 432 F. App'x 819, 821 (11th Cir. 2011) (per curiam) (unpublished) (citations omitted); Poulsen v. Publix Super Mkts., Inc., 302 F. App'x 906, 907 (11th Cir. 2008) (per curiam) (unpublished) (footnote omitted) (citations omitted); Canty v. Fry's Elecs., Inc., 736 F. Supp. 2d 1352, 1372 (N.D. Ga. 2010), adopted at 1364 (citations omitted).  A plaintiff pursuing a private civil action under Title VII must first timely file a charge of discrimination "within one hundred and eighty days after the alleged unlawful employment practice occurred[.]"  42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Gay v. AirTran Airways, Inc., 427 F. App'x 743, 745 (11th Cir. 2011) (per curiam)

(unpublished) (citation omitted).[4] "If an employee fails to file an EEOC charge before the 180-day limitations period elapses, his . . . subsequent lawsuit is procedurally barred and must be dismissed for failure to exhaust his . . . administrative remedies." <u>Maxwell v. Inner Harbour, Ltd.</u>, Civil Action No. 1:08-CV-2925-RWS, 2009 WL 1045478, at *2 (N.D. Ga. Apr. 20, 2009) (citing <u>Brewer v. Alabama</u>, 111 F. Supp. 2d 1197, 1204 (M.D. Ala. 2000)).

Although a plaintiff's failure to include allegations of a particular type of discrimination or discriminatory act in an EEOC charge does not necessarily preclude a judicial complaint based on such allegations, "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." <u>Sanchez v. Standard Brands, Inc.</u>, 431 F.2d 455, 466 (5th Cir. 1970)[5]; <u>see also</u> <u>Anderson</u>, 379 F. App'x at 926; <u>Chanda v. Engelhard/ICC</u>, 234 F.3d 1219, 1225 (11th Cir. 2000); <u>Dickey v. Crawford Cty. Sch. Dist.</u>, Civil Action No. 5:10-cv-356 (CAR), 2011 WL 482716, at *3

---

[4] "The 180 day filing period begins to run from the date the adverse employment decision is communicated to the employee." <u>Barnes v. Hillhaven Rehab. & Convalescent Ctr.</u>, 686 F. Supp. 311, 312 (N.D. Ga. 1988) (citing <u>Chardon v. Fernandez</u>, 454 U.S. 6 (1981); <u>Del. State Coll. v. Ricks</u>, 449 U.S. 250 (1980)). The same is true even if the decision does not take effect until after the communication. <u>Ricks</u>, 449 U.S. at 258.

[5] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding upon panels of the Eleventh Circuit. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

(M.D. Ga. Feb. 7, 2011) (citation omitted).  The EEOC's investigatory function lies at the heart of the statutory scheme for remedying employment discrimination.  Smith v. Sentry Ins., 674 F. Supp. 1459, 1467 (N.D. Ga. 1987); see also Freeman v. Koch Foods of Ala., 777 F. Supp. 2d 1264, 1276 (M.D. Ala. 2011).

"When considering the extent of a reasonable investigation by the EEOC, courts begin with the EEOC charge itself, with a particular focus on the factual statement contained therein." Freeman, 777 F. Supp. 2d at 1277 (citation omitted). "Claims that amplify, clarify, or more clearly focus earlier complaints are appropriate, but [a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate." Gay, 427 F. App'x at 745 (alteration in original) (citations and internal marks omitted).  A judicial complaint, however, may include any allegations investigated by the EEOC, even if the investigation was broader than the EEOC charge triggering the investigation because the EEOC has had the opportunity to effect voluntary compliance with the law prior to the filing of a civil action.  Smith, 674 F. Supp. at 1467; see also Montgomery v. Atlanta Family Rests., Inc., 752 F. Supp. 1575, 1580 (N.D. Ga. 1990), adopted at 1576-77 (holding that claims in the plaintiff's complaint which were not specifically alleged in her EEOC charge but which were part of the EEOC's investigation were reasonably related to the conduct alleged in the formal EEOC

12

charge).  Finally, "where a defendant in a Title VII . . . discrimination case asserts that the plaintiff has not satisfied all conditions precedent to filing suit, including, for example, the timely filing of an EEOC Charge, the plaintiff bears the burden of proving that the conditions precedent . . . have been satisfied . . . ." Jackson v. Meadwestvaco Coated Bd., Inc., No. 3:09-cv-695-MEF, 2010 WL 4000614, at *5 (M.D. Ala. Sept. 22, 2010), adopted by 2010 WL 3999084, at *1 (M.D. Ala. Oct. 12, 2010) (second and third alterations in original) (citations and internal marks omitted); Kerr v. McDonald's Corp., 333 F. Supp. 2d 1352, 1358 (N.D. Ga. 2004) (citations omitted), aff'd, 427 F.3d 947 (11th Cir. 2005) (per curiam).

Plaintiff fails entirely to respond to defendant's arguments that his amended complaint with respect to his Title VII color and retaliation claims is futile.[6]  See Massengale v. Hill, No. Civ.A. 105CV0189TWT, 2006 WL 83429, at *5 & n.12 (N.D. Ga. Jan. 10, 2006).  Moreover, plaintiff has not asserted any new factual allegations in his amended complaint to show that he has in fact exhausted his administrative

---

[6] Instead, plaintiff responds that his Title VII claims based upon race and national origin have been administratively exhausted.  [Doc. 22 at 6].  However, there is no Title VII national origin discrimination claim before the Court because plaintiff has not asserted such a claim in his amended complaint.  See generally [Doc. 18-1]; see also Gibbons v. McBride, CV 114-056, 2015 WL 5017021, at *31 (S.D. Ga. Aug. 21, 2015) (citations omitted) ("A complaint may not be amended by briefs in opposition to a motion to dismiss.").  Defendant does not contend that plaintiff failed to exhaust his administrative remedies with regards to his Title VII race claim, [Doc. 21 at 5-6], nor could it, as plaintiff marked race as the basis for his EEOC charge, [Doc. 3-1].

remedies with regard to his Title VII claims for color discrimination and retaliation. <u>See generally</u> [Doc. 18-1].  In fact, the allegation in his amended complaint that he has exhausted his administrative remedies is the exact same allegation contained in his original complaint.  <u>Compare</u> [Doc. 1 at 2 ¶ 5], <u>with</u> [Doc. 18-1 at 2 ¶ 5].  Thus, for the reasons articulated in the October 28, 2015, R&R, plaintiff has failed to exhaust his administrative remedies with respect to his Title VII color discrimination and retaliation claims, making any amendment futile.  <u>See</u> [Doc. 15 at 8-17]. Accordingly, it is **RECOMMENDED** that plaintiff's amended motion to amend his complaint to assert Title VII color discrimination and retaliation claims be **DENIED**.

> **2.**   *Title VII Retaliation*

Plaintiff's amended motion to amend his complaint to assert a Title VII retaliation claims is also due to be denied because, even if plaintiff had properly exhausted his Title VII retaliation claim, he has failed to state a plausible claim of retaliation.  To establish a prima facie case of retaliation under Title VII, plaintiff must demonstrate that "(1) []he engaged in an activity protected under Title VII; (2) []he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." <u>Crawford v. Carroll</u>, 529 F.3d 961, 970 (11th Cir. 2008) (citation omitted); <u>see also</u> <u>Patel v. Ga. Dep't BHDD</u>, 485 F. App'x 982, 983 (11th Cir. 2012) (per curiam) (unpublished)

(citation omitted); Brochu v. City of Riviera Beach, 304 F.3d 1144, 1155 (11th Cir. 2002) (citation omitted).

Plaintiff alleges that in January 2014, he made a complaint that the Program Manager was subjecting him to a "hostile work environment by discriminating against him by not allowing him to stay at his same work location and change his schedule as such Program Manager allowed [p]laintiff's less senior counterparts." [Doc. 18-1 at 4 ¶ 17]. Even with these additional factual allegations, plaintiff has still failed to allege that he engaged in protected activity under Title VII, as his "complaint[] to management do[es] not suggest any discrimination on the basis of race, color, or any other classification protected by Title VII[.]" Canty v. Fry's Elecs., Inc., Civil Action No. 1:09-CV-3508-WSD-LTW, 2012 WL 1038619, at *9 (N.D. Ga. Feb. 12, 2012), adopted by 2012 WL 1038611, at *10 (N.D. Ga. Mar. 27, 2012). Indeed, seniority is not a classification protected by Title VII. See 42 U.S.C. § 2000-e2(a)("It shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin[.]"). Accordingly, it is **RECOMMENDED** that plaintiff's motion to amend his complaint to clarify factual allegations for his Title VII retaliation claim be **DENIED**.

3.   *Title VII and § 1981*

In his amended complaint, plaintiff alleges that defendant discriminated against him on the basis of his race in violation of Title VII and § 1981.[7]  [Doc. 18-1 at 7-8 ¶¶ 26-27, 9 ¶¶ 32-33].  Defendant asserts that plaintiff's amended complaint with respect to such claims is futile because plaintiff's amended complaint fails to state a plausible claim under Title VII or § 1981.  [Doc. 21 at 6-10].  In particular, defendant contends that plaintiff's amended complaint "has not fixed the deficiencies with the race and national origin claims alleged in his original complaint," and it "offers nothing more than labels and conclusions, and a formulaic

_____

[7] Plaintiff contends that defendant violated § 1981 by subjecting him to "intentional discrimination based upon his race, national origin, ancestry, or ethnic characteristics."  [Doc. 18-1 at 9 ¶ 33].  "'Section 1981 protects all persons, Caucasian and non-Caucasian[,]' from race-based discrimination."  Baker v. Hafez Corp., Civil Action No. 13-00641-KD-N, 2014 WL 1760976, at *2 (S.D. Ala. May 2, 2014), adopted at *1 (alteration in original) (citations omitted).  "[Section] 1981's protections do not extend to discrimination based 'solely on the place or nation of . . . origin.'"  Id. (second alteration in original) (citations omitted).  The Supreme Court concluded that "Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics" as "[s]uch discrimination is racial discrimination that Congress intended § 1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory."  Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987) (footnote omitted).  Thus, to the extent plaintiff is seeking leave to amend his complaint to assert a separate and distinct national origin claim, any such amendment would be futile; "[h]owever, this Court will consider evidence of any national origin discrimination as it relates to [plaintiff's] race discrimination claim."  Short v. Mando Am. Corp., 805 F. Supp. 2d 1246, 1268 (M.D. Ala. 2011) (footnote and citation omitted).

recitation of the elements of a cause fo action[.]"   [Id. at 7 (citations and internal

marks omitted)].  Plaintiff replies that his amended complaint is not fatally flawed

or futile, as it "adequately sets forth plausible claims under which [plaintiff] could

obtain relief."  [Doc. 22 at 6].

To establish a prima facie case of discrimination, plaintiff must show that: "1)

he is a member of a protected class; 2) he was qualified for the position; 3) he

suffered an adverse employment action; and 4) he was replaced by someone outside

his protected class or 'was treated less favorably than a similarly-situated individual

outside his protected class.'"[8] DeLeon v. ST Mobile Aerospace Eng'g, Inc., 684 F.

Supp. 2d 1301, 1327 (S.D. Ala. 2010) (quoting Maynard v. Bd. of Regents, 342 F.3d

1281, 1289 (11th Cir. 2003)).   In his amended complaint, plaintiff alleges that

defendant terminated him "based upon a[n] alleged standard that [he] [was] not

allowed to take a restroom emergency break when he call[ed] for a Work Rover,"

but that defendant did "not apply[] the same standards to or terminat[e] for similar

---

[8] The "standards of proof and analytical elements are the same for race discrimination brought under both Title VII and § 1981, although Title VII requires administrative prerequisites that § 1981 does not."  Taunton v. BLG Logistics, Inc., No. 14-CV-1672-KOB, 2015 WL 2402971, at *2 (N.D. Ala. May 20, 2015) (citation omitted); see also Howard v. BP Oil Co., 32 F.3d 520, 524 n.2 (11th Cir. 1994) (citation omitted); Brown v. Am. Honda Motor Co., 939 F.2d 946, 949 (11th Cir. 1991) (citation omitted);  Hale v. Mingledorff, Civil Action No. 2:13-CV-0228-RWS, 2014 WL 7012772, at *11 (N.D. Ga. Dec. 11, 2014), adopted at *1 (citation and internal marks omitted) ("The analysis of a disparate treatment claim is the same whether that claim is brought under Title VII [or] § 1981[.]").

conduct his African American and Caucasian . . ., his darker complexioned . . ., and his non-white Security [G]uard counterparts who worked for the [d]efendant." [Doc. 18-1 at 6 ¶ 23].  He further alleges that defendant "terminat[ed] him based upon the alleged reason that [he] abandoned his post or failed to follow work orders," and did not "apply[] the same standards to or terminat[e] his African American and Caucasian . . . , his darker complexioned . . ., and his counterparts without non-white physical ethnic characteristics of Chinese ancestry or national origin who failed to follow the same or similar work place rule[.]"  [Id. at 7 ¶ 24]."

Defendant argues that there are no "factual enhancements" in plaintiff's amended complaint to support his conclusory allegations.   [Doc. 21 at 8]. Specifically, defendant contends that "the proposed amended complaint still does not identify any particular comparator by name, race, color, national origin, ancestry, or ethnicity," and it does not "demonstrat[e] when, how, or in what manner a purportedly similarly situated comparator outside of [plaintiff's] protected status engaged in the same or similar misconduct, but was subjected to more favorable treatment than [plaintiff]."   [Id.].  Although plaintiff's allegations are sparse, he has included some additional facts in his amended complaint, alleging that he was terminated for violating a work place rule and that similarly situated Caucasian and African-American employees were not terminated for failing to

18

follow the same or similar work place rule, and at this stage of the proceedings, the Court cannot find that it would be futile to allow him to amend the complaint to assert claims of race discrimination as "these averments are sufficient to constitute 'a short and plain statement' of [his] Title VII [and § 1981] claims for . . . race discrimination." Cobb v. Marshall, 481 F. Supp. 2d 1248, 1257 (M.D. Ala. 2007) (citation omitted); see also Baker, 2014 WL 1760976, at *9 n.13 (citations omitted) ("[A] failure to identify specific comparators in a complaint does not necessarily mean it should be dismissed."). Accordingly, it is **RECOMMENDED** that plaintiff be **GRANTED** leave to amend his complaint with regard to his race discrimination claims in violation of Title VII and § 1981.

## III.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that plaintiff's amended motion to amend, [Doc. 18], be **GRANTED IN PART** and **DENIED IN PART**.  If this recommendation is adopted, it is further **RECOMMENDED** that plaintiff be ordered to file an amended complaint asserting only his race discrimination claims in violation of Title VII and § 1981.

**IT IS SO ORDERED** and **RECOMMENDED**, this 26th day of February, 2016.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE